[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married on February 16, 1985 in New York, New York. There are two minor children issue of this marriage, Andrea Bayles, born January 18, 1986 and William Bayles, born December 13, 1987.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
The plaintiff husband is 44 years old and in apparent good health. He is the sole stockholder of the Hobbs Companies. The Hobbs Companies are in the specialty automotive fabrication business. He is also the sole stockholder of Navajo Leasing, Inc. This is a second marriage for the plaintiff husband, the first marriage having ended by divorce. There were no children of his first marriage.
The defendant wife is also 44 years of age and in apparent good health. She is employed by Chevron in the field of public relations. This is a first marriage for the defendant wife.
At the time the parties were married, the plaintiff CT Page 7841 husband was the owner of a cooperative apartment in New York City and a house in Rowayton, Connecticut. The defendant wife lived in a rental apartment in New York City. After the parties were married, they moved into the plaintiff husband' s cooperative apartment and in June of 1987 they moved into a home they purchased in New Canaan, Connecticut. They are currently still residing in the New Canaan home together with the children. The purchase price of this home was $750,000, $500,000 of which was borrowed and secured by a first mortgage.
The plaintiff husband sold the Rowayton house receiving a net of $180,000, which money was put into his business. He also sold his New York cooperative apartment. The net proceeds of the sale of the cooperative apartment were approximately $400,000 which was used as follows:
 $250,000 down payment on the New Canaan home
$100,000 into a `rainy day" fund
 $ 25,000 into a fund to decorate and furnish the New Canaan property
 $ 25,000 points on the new mortgage, moving expense, etc.
The court finds that the fair market value of the Hobbs Companies is $750,000 and that Navajo Leasing, Inc. has no value. The court further finds that the fair market value of the New Canaan home is $650,000 and that the balance due on the first mortgage is approximately $476,000.
The "rainy day" fund referred to above was totally expended by the plaintiff husband during the course of this dissolution action. The major expenditures from this fund were $50,000 to the plaintiff husband's attorneys, $10,000 for a new car for the plaintiff husband, $8,000 for the child, Andrea's therapist, $7,700 for insurance premiums, and $2,000 for various medical expenses. It is not clear as to how the rest of this fund was expended.
At the time of the marriage, the defendant wife had about $11,000 in savings, and after the marriage she inherited close to $27,000 from her mother's estate. These funds together with her net earnings were expended during the course of the marriage, mostly for family type expenses.
One of the major issues in this matter involves the CT Page 7842 custody of the minor children. Both parties agree, and the plaintiff husband requests in the complaint, that the court award joint custody. They disagree, however, as to when the children should be with each party. In addition, the plaintiff husband, although agreeable to joint custody, wishes to have final decision making authority. The attorney for the minor children agrees with the plaintiff husband in this regard.
The minor child, Andrea, who is currently in therapy with Dr. Robert Kruger, a child psychologist, is an extremely anxious child. If pressed for a diagnosis, Dr. Kruger testified that he would say that she has a "severe anxiety disorder." According to Dr. Kruger, Andrea needs to be in a home with an organized, consistent setting where things are predictable and reliable. She needs to be in a school where there is a good deal of access to the teacher and where there is not pressure but structure and order. He considers the private school where Andrea is currently registered as being appropriate. Dr. Kruger also describes Andrea as a very sensitive little girl who likes to draw and likes music.
The minor child, William, has been diagnosed as having a slight heart murmur. This condition, however, does not restrict his activities but he requires periodic examinations. William does not suffer from the same anxiety disorder as Andrea but is beginning to have behavioral problems such as throwing tantrums.
In addition to Dr. Kruger, the court heard extensive testimony from two other psychologists, one of whom was retained by the plaintiff husband and the other by the defendant wife.
What comes from the testimony of all of the mental health professionals who testified is that the defendant wife is creative, unstructured and somewhat emotionally labile. She is a very loving and devoted parent. The plaintiff husband, on the other hand, is very organized and not terribly emotionally expressive. He tends to be rigid and somewhat of an obsessive-compulsive but, nevertheless, he too is a very loving and devoted parent.
These two people with their divergent personality styles, each in their own way, have much to offer to their children.
After a thorough review of all of the evidence presented in this case and after a careful review of what would be in the best interests of the children, the following CT Page 7843 order shall enter
The parties shall have joint legal custody of the minor children with neither party having final decision making authority. It is the opinion and fervent hope of this court that the parties can, if they make the requisite effort, develop sufficient communication and cooperation so as to allow for joint decision making. If they fail, then either party may, of course, seek a modification of this order. Such inability to make joint decisions would in all probability be a sufficient change in circumstances affecting the best interests of the children to warrant some form of modification.
During the school year, the children shall reside with the defendant wife on the first, second and fourth weekend of each month from Thursday after school until Sunday at 7:00 P.M. In addition, the children shall be with the defendant wife from after school until 7:00 P.M. on each Thursday preceding a weekend on which they will be with the plaintiff husband. At all other times during the school year, they shall reside with the plaintiff husband.
During the summer school recess, the children shall reside with the parties on an equal basis alternating in two week blocks. The schedule should be arranged to accommodate the vacation schedules of the parties and they shall notify each other of such plans no later than April 1 of each year so that the schedule may be set and adjustments made if necessary.
Notwithstanding any of the above, holidays and school recesses other than the summer recess shall be spent as follows:
 a. The Thanksgiving holiday which shall be from Wednesday after school until Sunday at 7:00 P.M. shall be spent with the plaintiff husband in odd numbered years and with the defendant wife in even numbered years.
 b. The Christmas holiday shall be divided into two segments. The first segment to commence after school on the last day of school until 10:00 A.M. on December 27. The second segment shall commence at 10:00 A.M. on December 27 and end at the beginning of the school day on the day the children return to school. In odd numbered CT Page 7844 years, the first segment shall be with the defendant wife and the second segment shall be with the plaintiff husband. In even numbered years, the first segment shall be with the plaintiff husband and the second segment with the defendant wife.
 c. The parties shall alternate the winter and spring school recesses such that the plaintiff husband has the spring recess and the defendant wife has the winter recess in even numbered years and the defendant wife has the spring recess and the plaintiff husband has the winter recess in even numbered years. The parent who has the children for the spring recess shall also have them for Easter weekend whether or not it is incorporated into the spring recess. The parent who has the children for the winter school recess shall also have them for the Presidents Day weekend whether or not it is incorporated into the winter recess.
 d. In odd numbered years, the children shall spend Memorial Day weekend with the plaintiff husband and Labor Day weekend with the defendant wife. In even numbered years, it shall be reversed. Such holiday weekend shall commence on Friday after school until Monday at 7:00 P.M.
 e. The children shall spend Mother's Day with the defendant wife and Father's Day with the plaintiff husband.
Such custody orders shall be subject to the following conditions:
 a. Routine day-to-day decisions regarding the minor children and any decision involving medical emergencies shall be made by the party with whom the children are physically residing at the time.
 b. The children shall spend their birthdays with the party with whom they are scheduled to be with pursuant to these orders provided, however, that the other party shall have reasonable contact with the CT Page 7845 children on such birthdays in order to give gifts and good wishes.
 c. Each party shall have reasonable telephone access with the minor children when the children are with the other party.
 d. Neither party shall relocate the place where the children will be residing with them to a place outside of Fairfield County, Connecticut without giving the other party at least 90 days prior written notice so that the issue of whether these orders should be modified can be submitted to this court at the request of either party.
 e. Until the defendant wife vacates the family home as hereinafter provided, the custody arrangement contained in the stipulation of the parties dated October 18, 1990 shall prevail.
In addition, the court has taken into consideration all of the factors contained in sections 46b-81, 46b-82 and46b-84 of the Connecticut General Statutes and further orders as follows:
 1. All of the right, title and interest of the defendant wife in and to the real property known as 599 North Wilton Road, New Canaan, Connecticut is hereby assigned to the plaintiff husband subject to such encumbrances as of record appear, which encumbrances shall be the sole obligation of the plaintiff husband and he shall indemnify and hold the defendant wife harmless therefrom. The defendant wife shall vacate said premises within 60 days of the date hereof. Until she vacates said premises, she shall contribute the sum of $1,750 per month towards household expenses. Said sum shall be prorated for any portion of a month.
 2. By way of a property assignment pursuant to section 46b-81 of the Connecticut General Statutes, the plaintiff husband shall pay to the defendant wife the sum of $150,000. Said sum shall be paid as follows: CT Page 7846
 The sum of $50,000 within 30 days of the date hereof; the sum of $50,000 within one year from the date hereof; and the sum of $50,000 within two years from the date hereof. To secure the payment of said sum, the defendant wife shall have a security interest in the premise referred to in paragraph 1 hereof. In the event title to said premises shall become vested in any one other than the plaintiff husband, then the balance due on said sum, if any, shall be paid in full on the date of such transfer.
 3. The plaintiff husband shall pay to the defendant wife the sum of $1.00 per year as alimony until the death of the plaintiff husband, the death or remarriage of the defendant wife or five years from the date hereof, whichever event shall first occur.
 4. The plaintiff husband shall be responsible for the cost of all clothing for the minor children.
 5. The tuition for the private school education of the minor children shall be paid 60 percent by the plaintiff husband and 40 percent by the defendant wife. All other costs of such education shall be borne by the plaintiff husband.
 6. The defendant wife shall continue to maintain the presently existing health insurance available to her through her employment for the benefit of the minor children. If such insurance is no longer available to the defendant wife through her employment, the plaintiff husband shall, at his cost and expense, maintain like insurance for the benefit of the minor children.
 In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid 40 percent by the defendant wife and 60 percent by the plaintiff CT Page 7847 husband; provided, however, that except in the case of an emergency no such expenses for which the parties will be liable shall be incurred without mutual consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of section 46b-84 (c) of the Connecticut General Statutes.
 7. All tangible personal property owned by either party prior to the date of their marriage shall remain their sole and exclusive property. All other household goods, furniture and furnishings shall be divided by the parties to their mutual satisfaction. If they are unable to agree on such division, then the matter is hereby referred to the Family Relations Division of this court for a report to the court after which the court will enter such orders as are appropriate.
 8. The plaintiff husband shall maintain insurance on his life with each minor child as beneficiary of $300,000 of such insurance until such child reaches the age of majority.
 9. Each of the parties shall be entitled to take one of the children as an exemption on their federal income tax return. The plaintiff husband shall take the younger child and the defendant wife shall take the older child.
 10. Each of the parties shall indemnify and hold the other harmless from any and all claims, demands or expenses arising out of any joint tax returns previously filed as such claim, demand or expense relates to the income and/or deductions attributable to them.
 11. The fees of Daiga G. Osis, the attorney for the minor children, in the total amount of $24,560 shall be paid equally by the parties. Said sum shall be payable within 60 days of the date hereof and each party shall receive credit for any sums paid by them to date.
CT Page 7848
 12. The plaintiff husband shall be liable for and hold the defendant wife harmless from any and all taxes arising out of the sale of the Rowayton property, the New York cooperative apartment and the premises referred to in paragraph 1 hereof. He shall also be liable for and hold the defendant harmless from the full amount of all of the "Joint Liabilities" shown on his financial affidavit filed with this court on August 15, 1991.
 13. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on August 15, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
 14. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on August 15, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
 15. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
Frederick A. Freedman, Judge.